Richard Roy SCOTT, Plaintiff–Appellant,

v.

Mark SELING; et al., Defendants–Appellees.

No. 04–35101.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**324**

Richard Roy Scott, MICC–McNeil Island Corrections Center, Steilacoom, WA, pro se.

Allison Margaret Stanhope, Esq., Donna J. Hamilton, Esq., Office of the Attorney General Social & Health Services, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Richard Roy Scott appeals pro se the district court's judgment dismissing his action sua sponte for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Omar v. Sea-Land Serv., Inc.* 813 F.2d 986, 991 (9th Cir.1987), and we vacate and remand.

Scott, who is civilly committed as a sexually violent predator, brought claims based on the conditions of confinement in Washington's Special Commitment Center ("SCC"). The district court dismissed Scott's claims relating to property restrictions on the theory that Scott could add his complaints to ongoing litigation in *Turay v. Seling,* No. C91–0664 (W.D.Wash.) and *Sharp v. Seling,* No. C94–0121 (W.D.Wash.). It appears that the district court dismissed Scott's claim of inadequate medical care on the same basis. Taking judicial notice of the subsequent district court order in *Sharp v. Seling* denying Scott's motion for consolidation, filed April 30, 2004, *see Shaw v. Hahn,* 56 F.3d 1128, 1129 n. 1 (9th Cir.1995), we vacate and remand to the district court to reconsider whether dismissal of these claims is appropriate in light of the *Sharp* court's denial of consolidation.

The district court dismissed Scott's claims of denial of access to courts and retaliation because he failed to allege sufficient facts to support these claims. Scott contends that the district court should have granted him leave to amend his complaint. We agree. *See Lee v. City of Los Angeles,* 250 F.3d 668, 683 n. 7 (9th Cir. 2001) ("we will uphold a sua sponte dismissal without leave to amend only where the plaintiff 'cannot possibly win relief' "). Accordingly, we vacate the district court's denial of leave to amend to state such claims.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.